OPINION
Defendant-appellant Isaiah Mays appeals his conviction from the Alliance Municipal Court on one count of Obstructing Official Business in violation of Alliance Codified Ordinance (C.O.D.) Section 525.07. Plaintiff-appellee is the City of Alliance.
 STATEMENT OF THE FACTS AND CASE
On October 5, 1999, appellant Isaiah Mays was arrested for obstructing official business in violation of Alliance C.O.D. Section 525.07, a misdemeanor of the second degree. At his arraignment on October 14, 1999, appellant entered a plea of not guilty. Thereafter, a bench trial was held on November 8, 1999, in Alliance Municipal Court. The following evidence was adduced at trial. On October 5, 1999, at approximately 6:15 a.m., Patrolman Roderick Allen of the Alliance Police Department was sitting in uniform in a marked cruiser when he saw a maroon station wagon driven by appellant proceed through a stop sign without stopping. Patrolman Allen then activated his overhead lights and initiated a traffic stop of appellant's vehicle. After informing appellant of the reason for the traffic stop, Patrolman Allen asked appellant for identification, proof of insurance and registration for the vehicle. Once appellant provided some of the information requested, including a valid driver's license, the patrolman told appellant to stay seated while he returned to his cruiser to begin writing a traffic citation. Shortly thereafter, Patrolman Allen returned to appellant's vehicle in order to get additional information that he needed to complete the traffic citation. While appellant, when asked, told Patrolman Allen that he did not have proof of insurance on his person, appellant refused to tell the officer his place of birth. At the bench trial, the patrolman testified that appellant "told me I can do what I want. I can take him to jail. I could do whatever I wanted to do to the vehicle but he wasn't going to give me the information." Transcript of Proceedings at 9. Patrolman Allen, after telling appellant to remain in his vehicle, then returned to his cruiser to "mark refused on all the empty places [on the traffic citation] that he [appellant] wasn't going to give me." Id. At such point in time, appellant exited his vehicle and began walking away. The traffic citation was only halfway completed by Patrolman Allen at the time. After appellant ignored the patrolman's command to return to appellant's vehicle so that the traffic citation could be completed, Patrolman Allen called for backup assistance since he was unsure of appellant's state of mind. After several additional commands to return to his vehicle, appellant returned to the same and "sat in the drivers seat laying down across the passenger seat with a leg still extended out the door." Transcript of Proceedings at 11. The driver's side door of appellant's vehicle was still open. Since he was concerned that appellant's open door could block traffic and cause a traffic accident, Patrolman Allen instructed appellant to "get into the vehicle entirely" so that the vehicle's door could be closed. Id. Once appellant refused to do so, Patrolman Allen told appellant that if he did not get inside the vehicle, he would be arrested. After appellant still refused to do so, Patrolman Allen pulled appellant from the vehicle and arrested him for obstructing official business in violation of Alliance C.O.D. Section 525.07. At the trial, Patrolman Allen testified that appellant was not in police custody until the time of his arrest for obstructing official business. Nor was appellant advised that he was under arrest until such time. At the conclusion of the bench trial, the trial court found appellant guilty of obstructing official business in violation of Alliance C.O.D. Section 525.07. As memorialized in a Judgment Entry filed on November 8, 1999, the trial court ordered appellant to pay a fine in the amount of $125.00 and court costs. It is from the trial court's November 8, 1999, Judgment Entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10
OF THE OHIO CONSTITUTION.
 I
Appellant, in his sole assignment of error, contends that his conviction for obstructing official business in violation of Alliance C.O.D. Section 525.07 is against the manifest weight and sufficiency of the evidence. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1. As is stated above, appellant in the case sub judice was arrested for obstructing official business in violation of Alliance C.O.D. Section 525.07, a misdemeanor of the second degree. Alliance C.O.D. Section 525.07 states, in relevant part, as follows: "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."
Such section essentially parrots the language contained in R.C. 2921.31. Obstructing official business in violation of R.C. 2921.31 "is established where there is both an illegal act which quickens the duty of the police officer to enforce the law, and interference with intent to impede that enforcement." Garfield Hts. v. Simpson (1992),82 Ohio App.3d 286, 291, citing Warrensville Hts. v. Watson (1976),50 Ohio App.2d 21, 25. The complaint filed in the Alliance Municipal Court in the case sub judice alleged that appellant obstructed official business in violation of Alliance C.O.D. Section 525.07 when appellant "was stopped for a traffic violation and during the course of trying to finish the citation, . . . got out of the vehicle, hampering the officer in the performance of his duties." At the bench trial in this matter, Patrolman Allen agreed that he was "impeded in [his] official duties to issue this citation by Mr. Mays' [appellant's] actions walking away, violating [his] request on sitting in the car." Transcript of Proceedings at 13. Upon our review of the record in this case, we find that appellant's conviction for obstructing official business was not against the sufficiency of the evidence. As is stated above, Patrolman Allen testified that appellant impeded the performance of the patrolman's official duties by walking away and refusing to remain in appellant's vehicle while the citation was completed. According to Patrolman Allen, because of appellant's uncooperative behavior, which is set forth in detail in the statement of facts, the patrolman was forced to call for back up assistance. As a result, a traffic stop that should have taken "about fifteen minutes" ended up taking "[w]ell over forty-five minutes." Transcript of Proceedings at 13. To conclude, we find that appellant's conviction for obstructing official business in violation of Alliance C.O.D. Section 525.07 is supported by the sufficiency of the evidence. We find, as a matter of law, that appellant's conviction was based upon sufficient evidence since, when viewed in a light most favorable to the prosecution, the State's evidence could convince a rational trier of fact beyond a reasonable doubt that appellant unlawfully hampered or impeded Patrolman Allen in the performance of his official duties. Since the evidence is sufficient to support appellant's conviction for obstructing official business, we must next address whether appellant's conviction is against the manifest weight of the evidence. We find, upon our review of the record, that the trial court, as trier of fact, did not clearly lose its way so as to create a manifest miscarriage of justice. There was competent and credible testimony from Patrolman Allen that appellant, by walking away and refusing to stay in appellant's vehicle until the citation was completed, impeded Patrolman Allen in performing his official duties. We find, therefore, that appellant's conviction for obstructing official business was not against the manifest weight of the evidence.
Accordingly, appellant's sole assignment of error is, therefore, overruled. The judgment of the Alliance Municipal Court is affirmed.
 ____________________ Edwards, J.
Hoffman, P.J. and Farmer, J. concurs